IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

FULGENCIO ARIAS, JR.,

                Defendant.

No. 3:11-cr-00494-HZ-1

OPINION & ORDER

Clayton H. O'Connor
U.S. Department of Justice, Criminal Division
Human Rights and Special Prosecutions Section
1301 New York Ave., NW
Suite 200
Washington, DC 20530

Michael Lang
U.S. Department of Justice, Criminal Division
145 N. Street NE
2 Constitution Sq., East Wing, 2nd Floor
Washington, DC 20008

       Attorneys for Plaintiff

Ernest Warren, Jr.
Warren & Sugarman
838 S.W. First Avenue, Suite 500
Portland, OR 97204

      Attorney for Defendant

HERNÁNDEZ, District Judge:

      Defendant is charged with conspiracy to distribute and possess with intent to distribute methamphetamine, conspiracy to commit money laundering, attempted distribution of methamphetamine, and distribution of methamphetamine. On March 30, 2016, this Court held a motion hearing in which both the Government and the Defendant presented argument on several motions filed in anticipation of the upcoming trial in this case. The Court ruled on most of the parties' motions, as stated on the record. However, the Court indicated that it would provide a written Opinion & Order on two issues: (1) the admissibility of evidence regarding Defendant's alleged gang membership, as discussed in Defendant's motion in limine [ECF 329] and the Government's 404(b) notice [ECF 349]; and (2) Defendant's motion to change venue [ECF 327].

## I.    Admissibility of evidence regarding Defendant's alleged gang membership

      The Government seeks to admit as substantive evidence Defendant's alleged association with the Arizona Maravilla gang and the Mexican Mafia criminal organization. The Government contends that such evidence is direct evidence of the charged crimes in this case, as it is inextricably intertwined evidence that explains Defendant's conduct and his relationship with his conspirators during the course of the conspiracy. Alternatively, the Government seeks to admit this evidence pursuant to Federal Rule of Evidence ("Rule") 404(b). In addition, the Government seeks to admit evidence of Defendant's prior racketeering conviction to corroborate his participation and involvement with the Mexican Mafia, pursuant to Rule 404(b).

Defendant moves to limit any evidence regarding gang membership or affiliation because Defendant contends that there is no evidence that Defendant's alleged criminal activities were gang-related. Defendant argues that, therefore, any evidence about gangs is irrelevant, inadmissible prior bad act evidence, hearsay without an exception, and prejudicial without probative value related to this case. Def.'s Mot. Limine 1, ECF 329.

    a.   Testimony of CI#1

The Government seeks to present evidence of Defendant's gang membership through the testimony of Confidential Informant (CI) #1. CI#1 met Defendant in prison in 2003 or 2004. Govt. Notice 2, ECF 349. CI#1 and Defendant became acquainted through their mutual gang affiliations and association, and became close as CI#1 helped Defendant "run the yard" in prison. Id. Through this relationship, CI#1 knows Defendant to be an Arizona Maravilla gang member and affiliated with the Mexican Mafia. Id. at 2-3. Through his own gang affiliations, CI#1 is familiar with the organization and activities of the Mexican Mafia. Id. at 3. Shortly after CI#1 left prison in 2008, CI#1 contacted Defendant in January 2009. Id. CI#1 began distributing methamphetamine for Defendant as part of a drug trafficking organization aligned with the Vario Nuevo Estrada Street Gang. Id.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence is not considered to relate to "other crimes, wrongs or acts" if it is "inextricably intertwined" with, and "part of the same transaction" as, the crime for which the defendant was charged. United States v. Mundi, 892 F.2d 817, 820 (9th Cir. 1989). One category of cases in which this occurs is when it is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. Vizcarra-

Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995). "It is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." Id. The Ninth Circuit has explained:

> This exception to Rule 404(b) is most often invoked in cases in which the defendant is charged with being a felon in possession of a firearm. For example, in United States v. Daly, 974 F.2d 1215, 1216 (9th Cir. 1992), evidence regarding a shoot-out was considered to be "inextricably intertwined" with the charge that the defendant was a felon in possession of a firearm. We based our holding upon the fact that "evidence regarding the shoot-out was necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self defense." Id. Recognizing the difficulty that the prosecution would encounter in proving that the defendant possessed a gun and in rebutting his proffered defense without relating the facts surrounding the commission of the crime, we observed that "the prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon.... '[The jury] cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.'" Id. (quoting United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984)).

Id. at 1013.

In United States v. Santiago, 46 F.3d 885, 889 (9th Cir. 1995), the Ninth Circuit upheld the district court's decision to admit evidence relating to the role of the Mexican Mafia in the murder for which Santiago was convicted. The record contained no evidence of any specific, wrongful acts by either the Mexican Mafia or Santiago that were unrelated to the murder. Id. To the contrary, "[e]vidence of gang links to the procurement of the murder weapon and to the planning of the crime relate[d] directly to the crime for which Santiago was indicted." Id. Therefore, the evidence relating to the Mexican Mafia did not constitute "other crimes" evidence subject to Rule 404(b). Id. See also United States v. Easter, 66 F.3d 1018, 1022 (9th Cir. 1995) (admitting evidence of the defendants' gang ties to prove the identity of the perpetrators of the crimes where the evidence did not show any specific or wrongful acts unrelated to the crime charged); United States v. Dota, 33 F.3d 1179, 1185 (9th Cir. 1994) (holding that evidence of defendant's mafia connections is probative to establish context).

4 – OPINION & ORDER

Here, similarly to <u>Santiago</u> and <u>Easter</u>, the testimony of CI#1 provides evidence of gang links to the ability, means, and reasons for Defendant to engage in the crime for which he was indicted, and does not contain evidence of other unrelated crimes, wrongs, or acts. The evidence will help explain who was involved in the planning of the crime as well as its execution. The evidence of Defendant's gang affiliation explains the relationship between him, CI#1, and other involved parties. In addition, the evidence gives context for the execution of the crime and for Defendant's role within the conspiracy. Therefore, the testimony of CI#1 regarding Defendant's gang affiliation is admissible.

Alternatively, such evidence is admissible under Rule 404(b). Evidence of other crimes, wrongs, or acts may be admitted pursuant to Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." <u>United States v. Cherer</u>, 513 F.3d 1150, 1157 (9th Cir. 2008). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." <u>Id.</u>

Evidence of Defendant's gang affiliation, as presented through the testimony of CI#1, is admissible "as proof of motive, opportunity, intent, preparation, [or] plan." Fed. R. Evid. 404(b). <u>See also</u> <u>Santiago</u>, 46 F.3d at 889 (admitting evidence relating to gangs and other organizations as relevant to the issue of motive). The fact that Defendant and CI#1 met in prison through their gang affiliation and that, shortly after CI#1's release, they reconnected to distribute methamphetamine as part of a gang-affiliated drug trafficking organization is evidence of Defendant's motive, opportunity, intent, preparation, and plan. Accordingly, Defendant's gang affiliation "tends to prove a material point." <u>Cherer</u>, 513 F.3d at 1157.

Defendant's gang affiliation is not "too remote in time," as he was affiliated with the Arizona Maravilla and the Mexican Mafia during the course of the charged conspiracies. Furthermore, the content of CI#1's testimony is sufficient to support a finding that Defendant was affiliated with gangs.

Finally, Defendant's gang affiliation was part of the furtherance of the conspiracy to distribute methamphetamines and launder money, and accordingly, it makes the existence of his knowledge more probable than it would be without the evidence. See United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993) (explaining that similarity is not always a prerequisite for admissibility under Rule 404(b) and that when the prior act is offered to prove knowledge, it is admissible as long as it "make[s] the existence of the defendant's knowledge more probable than it would be without the evidence").

Finally, the Court must determine whether the probative value of the evidence concerning Defendant's gang membership is substantially outweighed by its prejudicial value. "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Fed. R. Evid. 404(b) advisory committee's note.

The Court concludes that the probative value is not substantially outweighed by any potential prejudice. While there are valid concerns that referring to Defendant as a gang member can cause prejudice, see, e.g., Easter, 66 F.3d at 1021, the probative value of providing context for Defendant's actions, as well as his motive, opportunity, intent, knowledge, preparation, or plan, outweighs any such prejudice. Furthermore, Defendant may request that the Court

minimize possible prejudice by probing potential jurors, during voir dire, on the issue of bias due
to gang affiliation; and issuing cautionary instructions during trial. Id.

    b.  Evidence of Defendant's racketeering conviction

The Government also seeks to admit the indictment, plea agreement, and judgment from
Defendant's 2002 racketeering conviction for his participation and association with the Mexican
Mafia criminal organization. The Government contends that the evidence is admissible pursuant
to Rule 404(b).

The Court finds that the indictment is inadmissible because its probative value is
substantially outweighed by the prejudicial impact under Rule 403. The indictment largely
comprises six pages of narrative about how the Mexican Mafia operated as of September of
2000, when the indictment was issued. Govt. Notice Ex. A. The indictment provides substantial
detail about how the Mexican Mafia enforced it rules and promoted discipline among its
members through violence, including murder. Id. at 2. The descriptions of Mexican Mafia
internal operations eleven years before the events at issue in this case have little probative value,
yet are highly inflammatory and prejudicial.

On the other hand, the judgment is admissible. Defendant's conviction for racketeering in
2002 demonstrates his motive, knowledge, intent, preparation, plan, and absence of mistake in
his affiliation with a gang to conspire and attempt to distribute narcotics, conspire to launder
money, and possess narcotics with the intent to distribute them. The conviction is not too remote
in time, given that Defendant re-engaged in criminal behavior within three to four years of being
released after his racketeering sentence. The evidence is sufficient to support a finding that the
racketeering occurred and that it was based upon Defendant's affiliation with the Mexican Mafia.
See, e.g., United States v. Ramirez-Robles, 386 F.3d 1234, 1243 (9th Cir. 2004) (finding that

because the defendant "was convicted of these prior crimes, there is sufficient evidence to support the finding that he committed them"). In addition, Defendant's racketeering conviction is similar to the charged conduct.

As to balancing the judgment against the danger of unfair prejudice, the Court again may provide a limiting instruction to reduce any risk of undue prejudice. However, given that Defendant's prior conviction makes the existence of his motive, knowledge, intent, preparation, plan, and absence of mistake to engage in the charged acts in this case more likely, the judgment of conviction is properly admitted.

Finally, Defendant's plea agreement is admissible in part. For the same reasons discussed in relation to the indictment, any references to murder, assault, and acts of violence should be redacted. The probative value of such references is substantially outweighed by their prejudicial impact. The remainder of the plea agreement is admissible for the same reasons as the judgment.

    c.  Defendant's objections

Defendant submits objections to the testimony of CI#1 and the evidence of Defendant's racketeering conviction, contending that the Government cannot lay a foundation to show Defendant's alleged gang association, the evidence is unduly prejudicial, CI#1 lacks personal knowledge, and the evidence is inadmissible hearsay not subject to any exception. The Court rejects each of these objections, both for the reasons already explained and the reasons that follow.

CI#1's testimony establishes that he has personal knowledge of Defendant's gang affiliation, based both on what Defendant told him and their collaboration in the conspiracy. CI#1's testimony as to what Defendant told him is not inadmissible hearsay because statements by party-opponents are not hearsay and are admissible provided the statement is offered against

the party and is the party's own statement. Fed. R. Evid. 801(d)(2)(A). In sum, Defendant's objections are overruled.

## II.     Defendant's Motion to Change Venue

The Court denies Defendant's motion to determine and change venue because: 1) Oregon is a proper venue for Defendant's trial; and 2) the newspaper article printed about Defendant and the threat made towards Assistant United States Attorney (AUSA) Scott Kerin does not qualify as the type of pretrial publicity that merits a change of venue.

The Federal Rules of Criminal Procedure mandate the scope of venue: "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. The place or places where the offense happened is the basic rule for determining proper venue.

a.   Oregon is a Proper Venue

Defendant contends that Oregon is not the proper trial venue. He and his co-defendants were indicted on conspiracy drug charges, conspiracy to launder money, and a number of related drug charges. Indictment, ECF No. 2.

In U.S. v. Corona, the Ninth Circuit held that the proper venue for conspiracy drug charges was "any district where an overt act committed in the course of the conspiracy occurred." 34 F.3d 876, 879 (9th Cir. 1994) (citing U.S. v. Meyers, 847, F.2d 1408, 1411 (9th Cir. 1988)). The Meyers court indicated that it was not necessary for the particular defendant to have committed an overt act within the district, as long as one of his co-conspirators did. Id. In addition, the Ninth Circuit has held that the proper venue for money laundering charges can be

both where the money was deposited and where money was obtained.  U.S. v. Angotti, 105 F.3d 539, 544–545 (9th Cir. 1997).

Elements of the crimes alleged against Defendant took place in Oregon and California. Specifically, the Government alleges that through the full timeframe of the charged conspiracy, CI#1 sent money to Defendant through a courier. The courier took money from Oregon to Defendant in California, and used banks in Oregon to deposit money into accounts designated by Defendant. Accordingly, as alleged in the indictment, either Defendant or his co-conspirators committed overt acts in Oregon related to the conspiracy charges.  Thus, contrary to Defendant's assertion, Oregon is a proper venue for Defendant's trial.

b.  Pretrial Publicity

Defendant also argues that pretrial publicity will prejudice him if the trial takes place in Oregon.  A federal court must grant a defendant's motion to change venue when "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."  Fed. R. Crim. P. 21(a).

In March of 2015, the Oregonian published an article indicating that AUSA Kerin, the attorney who was prosecuting Defendant's case, was the subject of a death threat.  While the article names Defendant, it does not state that Defendant was responsible for the death threat. The article does mention Defendant's gang affiliations, and that Mr. Kerin recused himself from the case.[1]  Defendant is not the primary subject of the article, nor is he mentioned in the title.

The Ninth Circuit measures the "prejudicial effect of pervasive publicity" under the actual prejudice or presumed prejudice standards. Harris v. Pulley, 885 F.2d 1354, 1361 (9th Cir.

---

[1] Bryan Denson, Unwanted Texts and Attention by U.S. Attorney Amanda Marshall Prompted Complaint from Subordinate, Sources Say, The Oregonian, Mar. 19, 2015, http://www.oregonlive.com/portland/index.ssf/2015/03/unwanted_texts_and_attention_b.html, accessed Mar. 8, 2016.

1988).  Actual prejudice exists where jurors have "such fixed opinions that they [cannot] judge impartially the guilt of the defendant."  Id. at 1364.  The actual prejudice analysis is not applicable in this case, as *voir dire* has not taken place, and it cannot yet be determined whether individual jurors have actual prejudice against Defendant. Presumed prejudice exists where the community is "saturated with prejudicial and inflammatory media publicity about the crime."  Id. Juror exposure to news reports of a crime—even "pervasive, adverse publicity"—is not enough alone to trigger a presumption of prejudice to the defendant's due process rights. Murray v. Schriro, 746 F.3d 418, 442 (9th Cir. 2014) (citing Skilling v. United States, 561 U.S. 358, 383-84 (2010), in which the Supreme Court described the "vivid, unforgettable" and "blatantly prejudicial" information at issue in the handful of cases in which the Supreme Court has presumed prejudice as a result of pretrial publicity). A presumption of prejudice "attends only the extreme case." Skilling, 561 U.S. at 381.

        In Harris, the Ninth Circuit held that three newspaper articles and local television coverage spanning a two and one-half week period did not satisfy the presumed prejudice standard. 885 F.2d 1361. In this case, Defendant was mentioned in one newspaper article, as discussed above.[2] It was published nearly a year ago.  The article does not assert that Defendant is guilty of any crime; rather, it simply states that he is being prosecuted. There is nothing to suggest that the community is saturated with coverage or has been presented with inflammatory or prejudicial representations of Defendant.


///

---

[2] At the March 30, 2016 hearing, Defendant's attorney claimed that another article had been published in the Oregonian regarding Mr. Arias. Defendant did not provide the Court with a copy of that article. Even if there were two articles regarding Mr. Arias and the threat to Mr. Kerin, that would not alter the Court's decision to deny Defendant's motion to change venue.

## CONCLUSION

Evidence regarding Defendant's alleged gang membership, as discussed in Defendant's motion in limine [329] and the Government's 404(b) notice [349] is admissible as stated above. Defendant's motion to change venue [327] is denied.

IT IS SO ORDERED.

Dated this _____ 15 _____ day of April, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge