IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

FULGENCIO ARIAS, JR.,

        Defendant.

No. 3:11-cr-00494-HZ-01
3:19-cv-01898-HZ

OPINION & ORDER

Clayton H. O'Connor
Human Rights and Special Prosecutions Section
Criminal Division, U.S. Department of Justice
1301 New York Avenue, NW
John C. Keeney Building
Washington, D.C. 20530

Michael N. Lang
Public Integrity Section
Criminal Division, U.S. Department of Justice
1331 F St. NW, Suite 300
Washington, D.C. 20530

        Attorneys for Plaintiff

1 – OPINION & ORDER

Fulgencio Arias, Jr.
FCI Yazoo City Medium
PO Box 5000
Yazoo City, MS 39194

      Pro Se Defendant

HERNÁNDEZ, District Judge:

Defendant Fulgencio Arias Jr. moves to vacate or correct his sentence under 28 U.S.C. § 2255. The Government now moves to dismiss Defendant's motion, arguing that the motion is untimely because it was filed outside the one-year limitations period applicable to § 2255 motions. For the reasons that follow, the Court grants the Government's motions to dismiss.

## BACKGROUND

On January 18, 2012, Defendant entered a plea of not guilty to an indictment charging him with: (1) Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; (2) Conspiracy to Commit Money Laundering; (4) Attempted Distribution of Methamphetamine; and (6) Distribution of Methamphetamine. Indictment, ECF 1; Arraignment Hr'g Mins., ECF 24. Defendant proceeded to a four-day jury trial on May 3, 2016, and was found guilty on Counts One, Two, Four and Six. Jury Verdict, ECF 448. On January 30, 2017, this Court imposed a 240-month prison term for Count Two and a 300-month prison term for Counts One, Four, and Six, to be served concurrently. J. & Commitment, ECF 518.

Defendant appealed his conviction to the Ninth Circuit. Notice of Appeal, ECF 520. The Ninth Circuit affirmed and entered its judgment on March 13, 2018. Mandate, ECF 590. Defendant filed a timely appeal of the Ninth Circuit's judgment to the Supreme Court on June 4, 2018. Notice Sup. Ct., ECF 591. His petition for a writ of certiorari was denied on October 1, 2018. Pet Cert., ECF 592.

On November 11, 2019, Defendant filed the present motion to vacate his sentence under § 2255. Def. Mot. Vacate 1, ECF 593. Defendant asserts three grounds for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and a due process violation. *Id.* at 4–8. In his motion, Defendant wrote that a supporting memorandum would be submitted separately due to a lockdown. *Id.* The Government sought an extension of time to file its response to the § 2255 motion, noting that such an extension would "give [Defendant] an opportunity to file his supplement, so that the [G]overnment can understand and address fully [Defendant's] claims. Gov't. Mot. Ext. Time 2–3, ECF 595.

When no supplement or supporting memorandum was filed, the Government moved to dismiss Defendant's motion, arguing that it was barred by the statute of limitations. Gov't First Mot. Dismiss, ECF 597. The Court set a date for Defendant to respond to the Government's motion. Order, ECF 601. In lieu of responding to the Motion to Dismiss, Defendant filed a memorandum in support of his § 2255 motion. Def. Mem., ECF 603. Thereafter, the Government renewed its Motion to Dismiss, Gov't Second Mot. Dismiss, ECF 604, and Defendant filed a response, arguing that he is entitled to equitable tolling, Def. Resp. Gov't Mot. ("Def. Resp."), ECF 605.

**STANDARDS**

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3 – OPINION & ORDER

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

## DISCUSSION

The Government moves to dismiss Defendant's § 2255 motion as untimely. Defendant does not dispute that the limitations period expired on October 1, 2019, one year after the Supreme Court denied his petition for writ of certiorari. *See Clay*, 537 U.S. at 527 (A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Nor does Defendant dispute that he filed his motion after that date.[1] *See* Def. Resp. 1–3. Rather, Defendant argues that he is entitled to equitable tolling of the statute of limitations because he had a commuted sentence petition pending with the Office of the Pardon Attorney at the time the limitations period expired. *Id.* at 2–3, Ex. 1. Defendant also alludes to prison lockdowns and a tuberculosis outbreak in his response, though he does not suggest that

---

[1] The Court notes that even though the motion was filed in with the Court on November 22, 2019, Defendant's signature on the motion is dated September 29, 2019. Def. Mot. Vacate 12. However, Defendant makes no mention of this fact and appears to admit that the petition was filed late. *See* Def. Resp. 2 ("October 5th was beyond the 1st of October one-year date but it clearly shows that: Arias was honest as of the date, Arias could have back-dated his petition").

these incidents delayed the filing of his motion. *Id.* at 2–3. Rather, he asserts that they were the impetus for filing the present motion despite his pending commuted sentence petition.[2] *Id.*

"The statute of limitations contained in § 2255 is subject to equitable tolling." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). "A § 2255 movant is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[F]or a litigant to demonstrate he has been pursuing his rights diligently . . . he must show that he has been reasonably diligent in pursuing his rights not only when an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claims in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2010) (internal citations and quotations omitted). Extraordinary circumstances beyond the defendant's control must make it "impossible to file a petition on time" and be the "cause of [the defendant's] untimeliness." *Battles*, 362 F.3d at 1197. "Equitable tolling determinations are 'highly fact-dependent.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam)). "Where there are circumstances consistent with petitioner's petition and declaration under which he would be entitled to . . . equitable tolling, but the record does not conclusively establish entitlement, . . . factual development of the record is the appropriate course of action." *Buckles*, 647 F.3d at 892 (internal quotations omitted).

---

[2] Defendant also references lockdowns related to the COVID-19 pandemic as causing a delay in the filing of his memorandum in support of his § 2255 motion. Def. Resp. 2. These conditions, however, are not relevant to the timeliness of the § 2255 motion as the pandemic did not affect prison operations until almost four months after the motion was filed.

5 – OPINION & ORDER

In this case, Defendant is not entitled to equitable tolling. Defendant's sole argument is that—at the time the limitations period expired—he had a request for a sentence commutation pending with the Office of the Pardon Attorney in Washington D.C. *See* Def. Resp. 1–2, Ex. 1. But as Defendant appears to acknowledge in his response, it was Defendant's decision to submit a request for a sentence commutation. *Id.* at 1 ("The Supreme Court denied Arias Writ of Certiorari on October 1, 2018. During that time and because Arias had been incarcerated since 2011, Arias had submitted a commuted sentence petition to the Office of the Pardon Attorney's Office in Washington, D.C."). Accordingly, this does not constitute an extraordinary circumstance beyond Defendant's control that made it impossible to file his motion on time. *See Malcom v. Payne*, 281 F.3d 951, 962–63 (9th Cir. 2002) (finding petitioner did not identify any circumstances "beyond her control that made it impossible for her to file a timely federal habeas petition" where the petitioner and her counsel decided to "pursue clemency . . . instead of filing a federal habeas petition with AEDPA's one-year window").

The Government also notes in its first motion to dismiss that Defendant was in lockdown and denied access to the law library in the nine days leading up to the expiration of the limitations period. Gov't. First Mot. Dismiss 2–3, 5. Defendant does reference lockdowns and a tuberculosis outbreak in both his supporting memorandum and his response to the motion to dismiss. But these appear to be the impetus for filing the untimely motion rather than the cause of its untimeliness:

> Exhibit 1 will demonstrate that Arias was originally going to file with the Court an extension of time to file a § 2255 petition due to the fact that his commuted petition with the Office of the U.S. Pardon Attorney's Office was still pending.
>
> With all the drama that was taking place with the lock-downs, a t.b. (Tuberculosis Bacilli) outbreak that caused over 150+ inmates to become infected and several staff, and over 1,000 inmates/staff exposed to the t.b. virus, Arias decided to submit his § 2255 petition, with his current commuted sentence petition still pending.

6 – OPINION & ORDER

Def. Resp. 1–2; Def. Mem. 15 (noting missing pages due to "the extraordinary and compelling circumstances caused by delays in mail/lock-downs/no copies"). Even if Defendant were arguing that these events caused his late filing, Defendant's argument for equitable tolling would still fail. While "a complete lack of access to a legal file may constitute an extraordinary circumstance, . . . . [o]rdinary prison limitations on [the petitioner's] access to the law library and copier" are not. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding the petitioner's time in administrative segregation did not constitute an extraordinary circumstance). And Defendant has made no attempt to demonstrate that he pursued his rights diligently in the year before the statute of limitations expired other than a single conclusory allegation in an exhibit attached to his response. *See* Def. Resp. Ex. 1 (Draft of Equitable Tolling Motion – Never Filed) ("Petitioner has maintained his due diligence in preparing and/or researching all issues to raise on collateral review[.]"). Accordingly, the Court finds that Defendant is not entitled to equitable tolling. As Defendant's motion was filed outside the one-year limitations period under § 2255(f), it must be dismissed as untimely.

///
///
///
///
///
///
///
///
///

## CONCLUSION

The Court GRANTS the Government's Motions to Dismiss Defendant's § 2255 Motion to Vacate or Correct Sentence [597][604]. The Government's Pending Motion [606] addressing the merits of Plaintiff's § 2255 motion is denied as moot, and Defendant's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 [593] is dismissed with prejudice. A Certificate of Appealability is denied because no reasonable jurist would find it debatable whether this Court was correct in denying Defendant's § 2255 motion as untimely. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

DATED: ___January 6, 2021_____.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge

8 – OPINION & ORDER