IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:11-cr-00494-HZ-1 |
| Plaintiff, | OPINION & ORDER |
| v. | |
| FULGENCIO ARIAS, JR., | |
| Defendant. | |

HERNÁNDEZ, Senior District Judge:

Defendant Fulgencio Arias Jr. moves for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Def. Mot. Sent. Reduction 1, ECF 653. The Government opposes Defendant's motion. Gov't Resp., ECF 656. For the reasons that follow, the Court denies Defendant's motion.

///

1 –ORDER

## BACKGROUND

On May 6, 2016, Defendant was convicted of (1) conspiracy to distribute and possess with the intent to distribute methamphetamine, specifically a mixture or substance containing a detectable amount of methamphetamine weighing 500 grams or more; (2) conspiracy to commit money laundering; (3) attempted distribution of methamphetamine, specifically a mixture or substance containing a detectable amount of methamphetamine weighing 500 grams or more; and (4) distribution of methamphetamine, specifically a mixture or substance containing a detectable amount of methamphetamine weighing 500 grams or more. Verdict, ECF 448. The Presentence Investigation Report ("PSR") calculated the applicable Guidelines range as a life sentence. PSR 1, ECF 509. The PSR recommended sentences of 300 and 240 months to be served concurrently. PSR 1. In calculating his criminal history category, Defendant received two additional criminal history points—for a total of six points—because he was on supervised release at the time he committed the instant offense. PSR ¶¶ 77, 78. Defendant's criminal history category was III. PSR ¶ 78.

The Court sentenced Defendant to 300-month and 240-month terms of imprisonment to be served concurrently and ten years of supervised release. Am. J. & Commitment, ECF 518. The Court adopted the PSR at sentencing in part and did not impose a 2-level "firearm" enhancement under 2D1.1(b)(2). Statement of Reasons, ECF 519; Sent. Hr'g Tr., ECF 544. Even without the two-level enhancement, Defendant's total offense level remained at level 43. *See* PSR ¶¶ 65, 68.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

>Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Part A of Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal justice sentence. It omits the two points defendants previously received for committing an offense while under any criminal justice sentence where that defendant otherwise has six or fewer criminal history points. U.S.S.G. § 4A1.1. Amendment 821 went into effect November 1, 2023, and applies retroactively so long as the effective date of any order reducing an offender's sentence was February 1, 2024, or later. U.S.S.G. § 1B1.10(d), (e)(2).

3 –ORDER

The parties agree that under Amendment 821 Defendant would receive four criminal history points instead of six. *See* PSR ¶ 77. The Court agrees with the Government, however, that a reduction in Defendant's sentence is not appropriate pursuant to U.S.S.G. § 1B1.10(a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." *See also United States v. Spears*, 824 F.3d 908, 915–16 (9th Cir. 2016) (holding it would be inconsistent with the applicable policy statements issued by the sentencing commission to reduce a defendant's sentence where the amendment did not have the effect of lowering the defendant's Guidelines range). Here, Defendant's criminal history category is unchanged with the application of Amendment 821. Even applying Amendment 821 and reducing Defendant's criminal history points to four, Defendant criminal history category remains III, and his applicable Guidelines range remains a life sentence. *See* U.S.S.G. Ch. 5, Part A. The Court therefore cannot modify Defendant's sentence under § 3582(c)(2).[1]

///

///

///

///

///

---

[1] In his reply brief, Defendant appears to abandon his argument regarding Amendment 821 and instead argues for a second time that the Court should grant Defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Compare* Def. Mot. Comp. Release, ECF 624, *with* Def. Reply, ECF 658. The Court already rejected these arguments in its previous Opinion & Order. *See* Op. & Order, ECF 644 (addressing Defendant's first motion for compassionate release). The Ninth Circuit affirmed this Court's decision on October 19, 2024. Mem., ECF 651.

4 –ORDER

## CONCLUSION

The Court DENIES Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [653].

IT IS SO ORDERED.

DATED:_____March 27, 2025_____.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

5 –ORDER